IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08CV470-1-MU

| | |
|---|---|
| STANFIELD KEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **O R D E R** |
| ) | |
| SUPERINTENDENT HATHAWAY, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court upon Respondent's Motion for Summary Judgment and supporting memorandum (Doc. Nos. 6 and 8), filed December 1, 2008.

For the reasons set forth below, this Court grants Respondent's Motion for Summary Judgment; and dismisses Petitioner's Petition for a Writ of Habeas Corpus.

## PROCEDURAL HISTORY

On or about May 31, 2005, in the Superior Court of Mecklenburg County, Petitioner, after trial by jury, was convicted of two counts of first-degree rape, first-degree burglary, second-degree kidnaping, and attempted second-degree burglary and sentenced to two consecutive terms of 240-297 months' imprisonment for each count of first-degree rape. The trial judge consolidated the remaining convictions and sentenced Petitioner to an additional term of 64 months' imprisonment.

Petitioner directly appealed his sentence and conviction to the North Carolina Court of Appeals. On November 21, 2006, the North Carolina Court of Appeals issued a published opinion finding no error. On June 27, 2007, the Supreme Court of North Carolina denied

Petitioner's petition for discretionary review.  State v. Key, 361 N.C. 433 (June 27, 2007).

On or about May 6, 2008, Petitioner filed a Motion for Appropriate Relief (MAR) in the Mecklenburg Superior Court.  On August 12, 2008, the Superior Court denied Petitioner's MAR.  On September 3, 2008, Petitioner filed a petition for writ of certiorari in the North Carolina Court of Appeals.  On September 19, 2008, the court of appeals denied Petitioner's certiorari petition.

On October 20, 2008, Petitioner timely filed the instant federal habeas petition.  In his petition, Petitioner alleges the following grounds for relief: 1) the State committed prosecutorial misconduct by commenting on State's Exhibit No. 10 when publishing it to the jury; 2) he was denied effective assistance of counsel; 3) the trial court erred in admitting State's Exhibit No. 37; 4) the State committed prosecutorial misconduct in presenting false evidence through the testimony of Jennifer Sprague; 5) the trial court erred in allowing the testimony of Ronald Simmons and Arthur Robson; 6) the trial court erred in allowing the testimony of James Nance and Larry Roach; 7) the trial court erred in allowing Bruce Pfeifle to testify concerning his daughter's state of mind; 8) the trial court erred in allowing the hearsay testimony of Billy Simmons; 9) the State violated his Fifth Amendment rights by continuously referring to the "Hooter's defense"; 10) the trial court erred in allowing the joinder of the attempted second-degree burglary charge; 11) the trial court erred when it failed to dismiss the attempted second-degree burglary conviction; 12) his arrest at the Lesh residence was illegal and should not have been allowed at trial; 13) the trial court erred in admitting his jail record into evidence and in allowing Polly Ellenburg to testify about it; 14) the trial court erred by allowing Mr. Lesh to testify as to what his mother told him; 15) his trial counsel was ineffective; 16) the trial court erred in denying his motion to dismiss at the close of evidence.

**ANALYSIS**

**I. Standard of Review for Habeas Petitions**

The threshold inquiries for a federal court reviewing a federal habeas petition are whether the petitioner has exhausted his claims before the appropriate state courts and whether those claims are procedurally barred. 28 U.S.C. § 2254. In order to exhaust a claim a petitioner must have fairly presented it to the state courts. See Baker v. Corcoran, 220 F.3d 276, 288 (4th Cir. 2000), cert. denied, 531 U.S. 1193 (2001).

If a petitioner's claim is unexhausted, it may be treated as exhausted if it is clear that the claim would be procedurally barred under state law if the petitioner attempted to present it to the state court. See id. However, when the procedural bar that gives rise to exhaustion provides an independent and adequate state law ground for the conviction and sentence it prevents federal habeas review of the defaulted claim unless the petitioner can establish cause and prejudice for the default. See id.

If a petitioner's claims are exhausted and not procedurally barred, the federal court must next examine whether or not the petitioner's claims were "adjudicated on the merits" by the state court. If the claim was properly presented to the state court and the state court addressed it on the merits, the deferential standard of review set forth in 28 U.S.C. § 2254(d) applies. If a petitioner has properly presented a claim to the state court but the state court has not adjudicated the claim on the merits,[1] a federal court reviews the claim questions of law and mixed questions of law and fact de novo. Angelone v. Weeks, 176 F.3d 249, 258 (4th Cir. 1999), aff'd, 527 U.S.

---

[1] If the state court has not ruled on the merits of a claim because it has expressly denied a habeas petitioner's claim based upon an independent and adequate state procedural rule such claim is considered procedurally defaulted in federal court. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir.), cert. denied, 523 U.S. 371 (1998).

1060 (2000).

The standard of review set forth in § 2254(d) is to be applied to "all claims 'adjudicated on the merits,' that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.3d 445, 455 (4th Cir. 1999). The standard of review is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001), cert. denied, 535 U.S. 1104 (2002). This deference extends to summary dismissals. See Fisher v. Lee, 215 F.3d 438, 446 (4th Cir. 2000), cert. denied, 531 U.S. 1095 (2001).

Pursuant to § 2254(d) a federal court may not grant a writ of habeas corpus unless the state court's adjudication: (1) "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ." Id. (internal citations omitted).

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may <u>not</u> issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

4

**II. Petitioner's Federal Habeas Petition Is Procedurally Defaulted**

    **A. Claims One to Ten, Twelve to Fifteen and a Portion of Claim Sixteen**

Respondent argues, and this Court finds, that claims one to ten and claims twelve to fifteen along with portions of claim sixteen are procedurally defaulted. Petitioner did not raise these claims on direct appeal. He did raise them in his Motion for Appropriate Relief and in his certiorari petition to the North Carolina Court of Appeals. In denying relief, the MAR court concluded that these claims could have been raised on direct appeal. This language properly states an application of North Carolina's procedural bar statute. See N.C.G.S. 15A-1419(a)(the failure to raise a claim on direct review results in it being procedurally defaulted.) The procedural default rule of § 15A-1419(a) and (b) is an adequate and independent state ground precluding habeas review. See Williams v. French, 146 F.3d 203, 209 (4th Cir. 1998), cert. denied, 525 U.S. 1155 (1999). Consequently, Petitioner has procedurally defaulted these claims. Cf. Kornahrens v. Evatt, 66 F.3d 1350, 1357 (4th Cir. 1995) ("[I]f a defendant defaults by not following proper state appellate procedure, causing the state courts to rule against him solely on state-law procedural grounds, [the federal courts] have no power to review his defaulted issues because they are based solely on state procedural grounds rather than federal constitutional grounds").

A petitioner may overcome a finding of procedural default by showing cause for the default and actual prejudice arising from the asserted constitutional error. See Breard v. Pruett, 134 F.3d 615, 620 (4th Cir.), cert. denied, 523 U.S. 371 (1998). Petitioner asserts that his appellate counsel's ineffectiveness caused him to fail to raise these claims on direct review. Petitioner, however, has not effectively raised an ineffective assistance of appellate counsel claim in state court alleging that his appellate counsel was ineffective for failing to raise claims

one to ten, twelve to fifteen, and portions of sixteen.[2]  As such, any claim by Petitioner that his appellate counsel's failure to raise these claims constituted cause so as to excuse his procedural default is itself unexhausted.  See Murray v. Carrier, 477 U.S. 478, 488-89 (1986)(ineffective assistance of counsel claim used to excuse procedural default must itself be exhausted in state court proceedings).  Consequently, this Court holds that all of Petitioner's above-referenced federal habeas claims are procedurally defaulted.

The Court notes that in his certiorari petition presented to the North Carolina Court of Appeals, Petitioner argued ineffective assistance of appellate counsel based upon appellate counsel's failure to raise some of the claims raised in his federal habeas petition.  Besides again being conclusory, raising these claims in that filing was insufficient to properly present the claims to the state courts for adjudication and does not avoid procedural default.  See Castille v. Peoples, 489 U.S. 346, 351 (1989)(raising a claim for the first time in a discretionary petition to a state appellate court is insufficient to exhaust state remedies): Felton v. Barnett, 912 F.2d 92, 95 (4th Cir. 1990)(noting that certiorari petition under North Carolina procedure, like a petition to the United States Supreme Court, is a discretionary petition and its denial is not an adjudication of the merits of the claim but merely discretionary refusal to hear the case).

---

[2] At the end of his MAR Petitioner conclusorily asserted that he had received ineffective assistance of appellate counsel when his counsel failed to raise "some" issues on appeal. Petitioner does not include this allegation as one of the enumerated grounds in his MAR.  Nor does he presents any analysis whatsoever to support his assertion of ineffective assistance of appellate counsel.  Such a broad, conclusory allegation is insufficient to exhaust a state habeas claim based upon ineffective assistance of appellate counsel.  See Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997)(in order to exhaust a claim in state courts a petitioner must "fairly present" his claims to all appropriate state courts which requires that a petitioner present "both the operative facts and the 'controlling legal principles' " underlying the claim).

### B. Claim Eleven and Remaining Portions of Claim Sixteen

In O'Sullivan v. Boerckel, 526 U.S. 838 (1999), the Supreme Court held that to exhaust state-court remedies and avoid procedural default on federal habeas review, state prisoners must present their federal constitutional claims heard by an intermediate appellate court to the higher appellate court, even where the higher court's review is discretionary. As long as the discretionary review in the higher court is part of the state's ordinary appellate process, the failure to present a claim to such court results in it being unexhausted.

Petitioner has failed to exhaust claims eleven and portions of claim sixteen. That is, Petitioner raised these claims in his direct appeal but did not raise them in a certiorari petition to the North Carolina Supreme Court. Seeking discretionary review of a North Carolina Court of Appeals decision in the North Carolina Supreme Court is part of the ordinary appellate process. As such, Petitioner has procedurally defaulted these claims. Petitioner has not asserted a basis for cause and prejudice or miscarriage of justice to excuse his procedural default.[3]

While Petitioner did raise these claims in his MAR, the MAR court denied these claims because they had been raised and adjudicated on direct appeal. As the MAR court denied Petitioner's claims on the basis of res judicata, such ruling did not eradicate the original procedural default of the claims for which he should have sought discretionary review from the North Carolina Supreme Court.

### III. Merits

In addition to being procedurally defaulted, Petitioner's claims lack merit. The Court has

---

[3] Petitioner had no right to counsel with regard to his discretionary petition. Ross v. Moffitt, 417 U.S. 600, 610-12 (1974)(holding no right to counsel beyond first appeal of right). Consequently, an ineffective assistance of counsel claim cannot establish cause to excuse procedural default.

carefully reviewed the record, the applicable law, and Respondent's Motion for Summary Judgment, and finds that, for the reasons set forth in the summary judgment motion, Petitioner's claims are meritless. Consequently, Petitioner's claims are dismissed on this basis as well.

**THEREFORE, IT IS HEREBY ORDERED** that:

1. Respondent's Motion for Summary Judgment (Doc. No. 6) is **GRANTED**; and

2. Petitioner's Petition for a Writ of Habeas Corpus (Doc, No. 1) is **DISMISSED**.

Signed: June 2, 2010

Graham C. Mullen
United States District Judge